UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTOPHER MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   1:12-cv-425 |
| COMMUNITY STATE BANK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**OPINION and ORDER**

This case was originally filed in Indiana State court and stated a single state-law cause of action for retaliatory discharge. Plaintiff then amended his Complaint to add a second count under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"). This second count established a basis for federal jurisdiction and Defendant thus timely removed the case to this Court on November 28, 2012. Defendant then filed a Motion to Dismiss [DE 17] the Dodd-Frank Act count. Plaintiff's Response to this motion concedes that he has failed to state a cognizable claim under the Dodd-Frank Act. Therefore, Defendant's Motion to Dismiss [DE 17] is **GRANTED** and Count II of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

With the federal cause of action now gone from the case, both parties concede that the case should be remanded to the state court to handle the remaining state law claim. A district court has discretion to remand a properly removed case to state court if all federal law claims in the case have been eliminated and only supplemental state law claims remain. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). In order to decide whether to exercise jurisdiction over state law claims, a district court should consider and weigh the factors of judicial economy,

convenience, fairness, and comity.  *Id*.

The Seventh Circuit has repeatedly expressed its preference that district courts remand cases when no federal claims remain.  *See, e.g.*, *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994); *Carr v. CIGNA Sec., Inc.*, 95 F.3d 544, 546 (7th Cir. 1996).  Given this precedent, there is no question that remanding this case is the best option.  Therefore, pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the Noble Superior Court, in Noble County, Indiana, for redocketing under Indiana state court case number 57D01-1208-PL-008.  The Clerk shall treat this civil action as **TERMINATED**.  All further settings in this action are hereby **VACATED**.

**SO ORDERED**.

ENTERED: February 8, 2013

                                            s/ Philip P. Simon
                                            PHILIP P. SIMON, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT